%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Thomas M. Hinkle, Administrator of the Estate of Mary Anne Hinkle, deceased, and Thomas M. Hinkle, in his own right

## DEFENDANTS
Assurant, Inc. One Chase Manhattan Plaza, New York, NY 10005
See attached list.

**(b)** County of Residence of First Listed  **Delaware**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **New York**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Robert E. Slota, Robert E. Slota, Jr., 801 Old Lancaster Road, Bryn Mawr, PA 19010   610-525-0300

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  |  | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization |  |  |
|  |  / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132 (a)(1)(B)
Brief description of cause: Denial of insurance benefits under ERISA plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 96,000+
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  8/26/08
SIGNATURE OF ATTORNEY OF RECORD
Robert E Slota

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

## ADDITIONAL DEFENDANTS
## HINKLE V. ASSURANT, INC., ET AL

ASSURANT EMPLOYEE BENEFITS
   2323 Grand Boulevard
   Kansas City, MO 64108-2670, and

UNION SECURITY INSURANCE COMPANY
   2323 Grand Boulevard
   Kansas City, MO 64108-2670

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS M. HINKLE, Administrator of the<br>Estate of MARY ANNE HINKLE, deceased, and<br>THOMAS M. HINKLE in his own right<br>   205 E. Township Line Road<br>   Upper Darby, PA 19082<br>               plaintiff,<br><br>        v.<br>ASSURANT, INC.<br>   One Chase Manhattan Plaza<br>   New York, NY 10005, and<br><br>ASSURANT EMPLOYEE BENEFITS<br>   2323 Grand Boulevard<br>   Kansas City, MO 64108-2670, and<br><br>UNION SECURITY INSURANCE COMPANY<br>   2323 Grand Boulevard<br>   Kansas City, MO 64108-2670<br>               defendants. | CIVIL ACTION<br><br>NO. |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Thomas M. Hinkle, brings this action under a federal statute, 29 U.S.C. 1132 (a)(1)(B) to recover benefits due him as a beneficiary under the terms of an accidental death insurance policy, falling within the ambit of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. 1001 et seq.

2. This court has jurisdiction pursuant to 29 U.S.C. 1132 (e)(1).

3. Plaintiff, Thomas M. Hinkle is an adult individual who resides at 205 E. Township Line Road, Upper Darby, PA 19082. Thomas M. Hinkle is also the duly appointed Executor of the Estate of Mary A. Hinkle, such appointment having been made by the Register of Wills of Delaware County.

4. Defendant, Assurant , Inc. is a corporation with a principal place of business at One Chase Manhattan Plaza, New York, New York, 10005, which sells and administers group life and accidental death insurance policies to employers for the benefit of employees.

5. Defendant, Assurant Employee Benefits, is either a corporation, or is a division of defendant, Assurant Inc., with a principal place of business at 2323 Grand Boulevard, Kansas City, Missouri, 64108-2607, which sells and administers group life and accidental death insurance policies to employers for the benefit of employees.

6. Defendant, Union Security Insurance Company, is an insurance company, a corporation, with a principal place of business at 2323 Grand Boulevard, Kansas City, Missouri, 64108-2607, which underwrites and/or provides group life and accidental death insurance policies, sold and administered by Assurant, Inc. and/or by Assurant Employee Benefits.

7. Defendants issued an insurance policy which insured the life of Mary Ann Hinkle and which provided for benefits upon the death of Mary Ann Hinkle to be paid to Thomas M. Hinkle.

8. On or about July 1, 2005, Mary Ann Hinkle was a full time secretary employed by the Lower Merion School District, Lower Merion Township, Montgomery County, Pennsylvania, and was covered by a Group Term Life Insurance and Group Accidental Death and Dismemberment Insurance policy issued to the Pennsylvania School Boards Association Insurance Trust. A true and correct copy of said insurance policy is attached hereto and marked Exhibit A.

9. Under the terms of the policy, defendants were obligated to pay a benefit of $96,054.14 to Plaintiff, Thomas M. Hinkle, beneficiary under the policy, for the accidental death

of Mary Ann Hinkle, whose death was "the direct result of an injury," as the coverage is described in the policy.

10.     On November 16, 2006, Mary Ann Hinkle was admitted to Lankenau Hospital, Wynnewood, Pennsylvania, where she underwent a planned laparoscopic left radical nephrectomy for removal of a mass suspicious for malignancy.

11.     Mary Ann Hinkle died on November 18, 2006, as a direct result of an injury negligently inflicted by her surgeon Michael Hagg, M.D., when, during the attempted laparoscopic nephrectomy, he transected her superior mesenteric artery, depriving her bowel and other abdominal organs of their blood supply, an irreparable and fatal injury.

12.     An examination of the mass, which prompted the surgery, showed that there was no malignancy, and that Mary Ann Hinkle did not have cancer.

13.     Mary Ann Hinkle's death was not caused "directly or indirectly by any physical disease," and thus was not within any exclusionary clause of the insurance policy.

14.     Defendants have unjustly, improperly, and without any reasonable cause, refused to pay any amount for the accidental death of Mary Ann Hinkle, even though her death was accidental and therefore clearly covered by the terms of the accidental death provisions of the insurance policy, thus violating their obligations under the policy and the ERISA employee benefit plan.

15.     Plaintiff has exhausted administrative remedies, as evidenced by a true and correct copy of a letter from Assurant Employee Benefits to plaintiff's counsel, attached hereto as marked Exhibit B.

Wherefore, plaintiff demands judgment against defendants for the sum of $96,054.14, with prejudgment and post judgment interest and costs, and attorney's fees in an amount to be determined by the Court.

DATED: 8/26/08                                RES3398  *[signature]*
                                              ROBERT E. SLOTA, JR., ESQUIRE
                                              Pa. Atty. #50885
                                              LAW OFFICES OF ROBERT E. SLOTA
                                              801 Old Lancaster Road
                                              Bryn Mawr, PA 19010
                                              (P) (610) 525-0300
                                              (F) (610) 525-9678
                                              rslotajr@slotalaw.com
                                              Attorneys for Plaintiffs