IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS M. HINKLE                    :        CIVIL ACTION
                                    :
        v.                          :
                                    :
ASSURANT, INC.                      :        NO. 08-cv-04124-JF


MEMORANDUM

Fullam, Sr. J.                                      May 12, 2009

        Plaintiff's decedent was covered by a group insurance
policy related to her employment, and the issue before the Court
is whether the defendant insurance company should pay accidental
death benefits under that policy, on account of the decedent's
death.  The issue is before the Court on motions for summary
judgment.

        Plaintiff's decedent was diagnosed with what turned out
to have been a benign cyst on her kidney, and underwent surgery
for its removal.  Unfortunately, the surgeon committed
malpractice, and severed the wrong blood vessel, resulting in the
decedent's death in the operating room.

        The defendant denied coverage, on the theory (1) that
the death was not "accidental" and (2) that the death was the
indirect result of disease, hence excluded from coverage under
the policy.

        If I were free to do so, I would reject both of these
defense theories.  In my view, the operating surgeon did not
intentionally sever the wrong blood vessel, hence the decedent

was indeed the victim of an accident; and the benign cyst did not cause decedent's death in any way.  But I can grant relief to plaintiff only if the denial of coverage is shown to have been arbitrary or capricious, since the administrator of the plan had discretionary authority to determine eligibility for benefits. Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348 (2008).  The issue is not whether this Court agrees with the administrator's decision, but whether the defendant had a reasonable basis for that decision.  Michaels v. Equitable Life Assur. Soc., 2009 WL 19344 (3d Cir. Jan. 5, 2009).  The plan decision may be overturned only if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law."  Abnathya v Hoffman-LaRoche, Inc., 2 F.3d 40-45 (3d Cir. 1993).

The defendant finds support for its decision in such cases as Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050 (7th Cir. 1991)(Posner, J.).  The sweeping language of that decision provides support for the decision here, notwithstanding the fact that, in the Senkier case the policy language actually excluded coverage for injuries suffered during medical treatment; and the reasoning of that case has been expressly rejected by the Fourth Circuit Court of Appeals.  Whetsell v. Mutual Life Ins. Co., 669 F.2d 955, 957 (4th Cir. 1982); Griffiths v. Siemens Automotive, LP, 43 F.3d 1466 (4th Cir. 1994).  In my view, where

the courts of appeals are in disagreement on an issue, a decision

one way or another cannot be regarded as arbitrary or capricious.

Plaintiff's motion for summary judgment will therefore

be denied, and defendant's granted.

An Order follows.


BY THE COURT:


/s/ John P. Fullam
John P. Fullam, Sr. J.